

**FILED**

OCT 20 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HENRY H. SANTOS,<br><br>　　　　Plaintiff,<br>v.<br><br>EDUARDO RALLO dba RESMEX PARTNERS LLC, RESMEX PARTNERS LLC, AND DOES 1-10,<br><br>　　　　Defendants. | Case No.: CV 11-02764 PSG<br><br>**ORDER GRANTING DEFENDANT EDUARDO RALLO'S MOTION TO DISMISS**<br><br>(Re: Docket No. 8) |

### I. INTRODUCTION

Defendant Eduardo Rallo ("Rallo") moves to dismiss the complaint of Plaintiff Henry Santos ("Santos"). On October 18, 2011, the parties appeared for hearing. Having reviewed the papers and considered the arguments of counsel, Rallo's motion is GRANTED.

### II. BACKGROUND

Defendants operate multiple restaurants in the Bay Area, where Santos worked as a server, maintenance worker, and bartender.[1] In performing these jobs, he regularly worked in excess of eight hours per day and forty hours per week.[2] Despite working these hours, Defendants failed to

---

[1] Compl. ¶¶ 6, 10 (Docket No. 1).

[2] *Id.* at ¶¶ 11-12.

Case No.: CV 11-02764 PSG
ORDER GRANTING DEFENDANT EDUARDO RALLO'S MOTION TO DISMISS

1

pay Santos at an overtime rate for hours worked in excess of eight per day and forty per week.[3] Defendants also failed to issue him proper pay stubs and have not paid him all of his wages even though his employment ended over thirty days ago.[4] During the course of Santos's employment, Rallo had control over his work condition, schedule, and pay.[5]

### III. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[6] While detailed factual allegations are not required, a complaint must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[7] In other words, a complaint must have sufficient factual allegations to "state a claim for relief that is plausible on its face."[8] A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9] Accordingly, under Fed. R. Civ. P. 12(b)(6), which tests the legal sufficiency of the claims alleged in the complaint, "[d]ismissal can based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[10]

---

[3] *Id.* at ¶ 14.

[4] *Id.* at ¶¶ 15-17.

[5] *Id.* at ¶ 13.

[6] Fed. R. Civ. P. 8(a)(2).

[7] *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

[8] *Id.* at 1940 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

[9] *Id.* at 1940.

[10] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Case No.: CV 11-02764 PSG
ORDER GRANTING DEFENDANT EDUARDO RALLO'S MOTION TO DISMISS
2

When evaluating a Rule 12(b)(6) motion, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[11] Review of a motion to dismiss is limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.[12] The court is not required to accept "legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."[13] The court also need not accept as true allegations that contradict matters that are either subject to judicial notice or attached as exhibits to the complaint.[14]

## IV. DISCUSSION

Santos brings five causes of action under various sections of federal and California law. In his first two counts, Santos alleges that Defendants failed to pay him overtime wages in violation of 29 U.S.C. §§ 207, 216(b), and 225(a) (collectively "Fair Labor Standards Act" or "FLSA") and Cal. Lab. Code §§ 510, 1194, and 1197.[15] In Count Three, Santos contends that Defendants violated Cal. Labor Code § 226 by failing to provide him with proper wage stubs.[16] In Count Four, Santos asserts that Defendants owed him overtime wages which remained unpaid after his termination in violation of Cal. Lab. Code § 203.[17] In Count Five, Santos brings a claim under Cal.

---

[11] *See Metzler Inv. GMBH v. Corinthian Colls, Inc.,* 540 F.3d 1049, 1061 (9th Cir. 2008).

[12] *See id.* at 1061.

[13] *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-55 (9th Cir. 1994).

[14] *See In re Gilead Sciences Securities Litigation,* 536 F.3d 1049, 1055 (9th Cir. 2008).

[15] Docket No. 1 at ¶¶ 18-29.

[16] *Id.* at ¶¶ 30-34.

[17] *Id.* at ¶¶ 35-38.

Case No.: CV 11-02764 PSG
ORDER GRANTING DEFENDANT EDUARDO RALLO'S MOTION TO DISMISS
3

Bus. & Prof. Code § 17200 et seq, which is predicated on Defendants' alleged violations of the FLSA and applicable California Labor Code violations.[18]

In response, Rallo brings this motion arguing that the complaint should be dismissed because Santos (1) failed to plead sufficient facts to support his allegation that Rallo was his employer and (2) did not properly plead facts to suggest that Rallo should be held personally liable under the alter ego theory of liability.

A. "Employer"

The FLSA defines an employer as "[a]ny person acting directly or indirectly in the interest of an employer in relation to an employee."[19] The determination of whether a defendant is an employer is not based on "isolated factors but rather upon the circumstances of the whole activity."[20] In California, "employer" has three potential definitions: "(a) to exercise control over the wages, hours or working conditions, or (b) to suffer or permit to work, or (c) to engage, thereby creating a common law employment relationship."[21]

"The key factor to consider in analyzing whether an entity is an employer is 'the right to control and direct the activities of the person rendering service, or the manner and method in which the work is performed.'"[22] The right to control the employment relationship is evaluated by focusing on "an examination of defendant's role with respect to the right to hire, fire, transfer, promote, discipline, set the terms, conditions and privileges of employment, train and pay the

---

[18] *Id.* at ¶¶ 39-45. In his complaint, Santos mistakenly labels the five paragraphs following ¶ 40 as ¶¶ 35-39. *See id.* at 8. The court assumes that Santos intended to label these as ¶¶ 41-45 and cites them accordingly.

[19] 29 U.S.C. § 203(b).

[20] *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947).

[21] *Martinez v. Combs*, 49 Cal. 4th 35, 64 (2010).

[22] *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 682 (9th Cir. 2009) (quoting *Serv. Employees Int'l Union v. County of L.A.*, 225 Cal. App. 3d 761, 769 (1990)) ("*Wal-Mart*").

Case No.: CV 11-02764 PSG
ORDER GRANTING DEFENDANT EDUARDO RALLO'S MOTION TO DISMISS
4

plaintiff."²³  "A finding of the right to control employment requires . . . a comprehensive and immediate level of 'day-to-day' authority over employment decisions."²⁴

In this case, Santos has not sufficiently pled facts to demonstrate that Rallo was his employer.  To be sure Santos does allege that Rallo controlled his work conditions, schedule, and pay.²⁵  But as the Ninth Circuit explained in *Wal-Mart*, a general statement that an employer controlled Plaintiffs' day-to-day operations is a conclusion, not a factual allegation stated with sufficient specificity.²⁶  Without further factual information, Santos's allegation is a legal conclusion no different than that rejected in *Wal-Mart* and does not meet the standards of Rule 8, *Iqbal*, and *Twombly*.²⁷

Rallo's motion to dismiss the complaint based on the definition of "employer" is GRANTED.

### B. Alter Ego Theory

The alter ego doctrine arises when a plaintiff claims that an opposing party is using the corporate form unjustly and, in certain circumstances, the court will disregard the corporate entity and hold the individual shareholders liable for the corporation's actions.²⁸  "The purpose of the

---

²³ *Vernon v. State of California*, 116 Cal. App. 4th 114, 128 (2004) (quoting *Lee v. Mobile County Comm'n*, 954 F. Supp. 1540, 1545, *affd.* 103 F.3d 148 (S.D. Ala. 1995)).

²⁴ *Id.* at 127-128.

²⁵ Docket No. 1 at ¶ 13.

²⁶ *Wal-Mart*, 572 F.3d at 683.  *See also Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (stating that "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss").

²⁷ *See id.*; *Cf. Smith v. Worldlink, Inc.*, No. CV 09-03631 DDP, 2009 U.S. Dist. LEXIS 70497, 2009 WL 2365966, at *3, *4 (C.D. Cal. Jul. 30, 2009) (finding that plaintiff pled sufficient facts to show an employment relationship where he allegedly reported to an employee who controlled the manner and means of his reports, he regularly provided those reports to the employee, he could be disciplined for delays by the employee, that such discipline led to his termination, and that his relationship with the employee continued throughout the duration of his employment).  *See also Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 570.

²⁸ *Mesler v. Bragg Management Co.*, 39 Cal. 3d 290, 300 (1985).

Case No.:  CV 11-02764 PSG
ORDER GRANTING DEFENDANT EDUARDO RALLO'S MOTION TO DISMISS
5

doctrine is to bypass the corporate entity for the sole purpose of avoiding injustice."[29] Two elements must be established before the doctrine may be invoked: (1) there must be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist and (2) an inequitable result will follow if the acts are treated as those of the corporation alone.[30] "Among the factors to be considered in applying the doctrine are commingling of funds and other assets of the two entities, the holding out by one entity that it is liable for the debts of the other, identical equitable ownership in the two entities, use of the same offices and employees, and use of one as a mere shell or conduit for the affairs of the other."[31]

Here, Santos has not pled sufficient facts in his complaint to show that Rallo is the alter ego of Resmex Partners LLC. While Santos's complaint does state that Rallo does business as Resmex Partners LLC, Santos does not allege that Rallo and the corporation have a unity of interest or that an equitable result will follow if the acts are treated as those of Resmex Partners LLC alone.[32]

Rallo's motion to dismiss the complaint based on Santos's failure to properly plead alter ego theory is GRANTED.

### C. Leave to Amend

Fed. R. Civ. P. 15(a)(2) provides that the court should "freely give leave [to amend pleadings] when justice so requires."[33] Courts are to apply Rule 15's policy of favoring

---

[29] *Wady v. Provident Life & Accident Ins. Co. of Am.*, 216 F. Supp. 2d 1060, 1066 (C.D. Cal. 2002).

[30] *Id.*

[31] *Roman Catholic Archbishop of San Francisco v. Superior Court*, 15 Cal. App. 3d 405 (1971) (*citing Associated Vendors, Inc. v. Oakland Meat Co.*, 210 Cal. App. 2d 825 (1962)).

[32] *See* Docket No. 1 ¶¶ 6, 10.

[33] Fed. R. Civ. P. 15(a)(2).

Case No.: CV 11-02764 PSG
ORDER GRANTING DEFENDANT EDUARDO RALLO'S MOTION TO DISMISS

amendment to pleadings with "extreme liberality."[34] The court therefore grants Santos leave to amend his complaint to adequately state a claim against Rallo.

### V. CONCLUSION

Rallo's motion to dismiss the complaint is granted. The court further grants Santos leave to amend his complaint to adequately state a claim against Rallo. The amended complaint shall be filed no later than twenty-one days from the date of this order.

IT IS SO ORDERED.

Dated: October 20, 2011

PAUL S. GREWAL
United States Magistrate Judge

---

[34] *Eldridge v. Block,* 832 F.2d 1132, 1135 (9th Cir. 1987).

Case No.: CV 11-02764 PSG
ORDER GRANTING DEFENDANT EDUARDO RALLO'S MOTION TO DISMISS
7